# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

STEVEN BRAUNSTEIN,

Plaintiff,

v.

PAMELA FEIL et al.,

Defendants.

Case No. 2:16-cv-02062-APG-GWF

**ORDER**

## I.    DISCUSSION

Plaintiff is a prisoner proceeding *pro se*.  Plaintiff has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  (ECF No. 1, 3).  However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted. [1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In the amended complaint, Plaintiff, who is diabetic, alleges that prison officials: (1) deprived him of his legal property in 2013; (2) withheld mail; (3) subjected Plaintiff to multiple harassing urinalysis tests without probable cause;  (4) did not inform Plaintiff that the medication he was taking would affect the results of the urinalysis tests; (5) subjected Plaintiff to a disciplinary hearing and disciplinary segregation based on the urinalysis

---

[1] *See Braunstein v. Sandoval et al.,* 3:12-cv-00235-LRH-WGC; *Braunstein v. Villani et al.*, 3:12-cv-00665-MMD-VPC (both appeals dismissed as frivolous); and *Braunstein v. Clark County et al.*, 3:02-cv-00163-DWH-RAM (dismissed for failure to state a claim).  The Court takes judicial notice of its prior records in the above matters.

tests;  (6) took Plaintiff's new clothes when he moved to disciplinary segregation;  and (7) denied Plaintiff religious materials while in disciplinary segregation.  (ECF No. 3 at 5-6, 8, 10, 12, 14, 17-18).  The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).

The Court notes that Plaintiff alleges that he had a hypoglycemia event while in disciplinary segregation.  Plaintiff alleges the following:  On December 15, 2015, a nurse had to order Plaintiff additional food (i.e. a "PM snack") because Plaintiff had gone into shock while in disciplinary segregation.  (ECF No. 3 at 15, 18).  This happened to Plaintiff due to the lack of food.  (*Id.* at 18).  The Court finds that this one-time event in 2015 does not plausibly allege that Plaintiff faced an ongoing danger of serious physical injury at the time of filing.[2]  As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order.  Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the amended complaint (ECF No. 3).

Dated: June 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff submitted his complaint on August 29, 2016 and his amended complaint on May 30, 2017.  (ECF No. 1-1, 3).